ORDERED.

Dated: April 20, 2021

*/s/ Karen S. Jennemann*
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re | ) |
| | ) |
| ENKOGS1, LLC, | ) Case No. 6:21-bk-00276-KSJ |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

**MEMORANDUM OPINION DENYING
CREDITOR'S MOTION FOR DETERMINATION
<u>DEBTOR IS A SINGLE ASSET REAL ESTATE BUSINESS</u>**

The only issue[1] is whether Debtor, ENKOGS1, LLC,[2] who owns and operates a seventy-nine-room hotel, qualifies as a debtor under the relatively new Subchapter V of Chapter 11 of the Bankruptcy Code.[3] Creditor, State Bank of Texas, contends Debtor's hotel is a "single asset real estate" project rendering Debtor ineligible for relief under Subchapter V of Chapter 11. Finding hotels generally, and this hotel in

---

[1] Creditor, State Bank of Texas, raises the issue in their Motion for Determination of the Single Asset Real Estate Nature of this case. Doc. No. 38. Debtor, ENKOGS1, LLC, filed their response to Creditor's Motion for Determination. Doc. No. 65. On March 3, 2021, the Court held the hearing on Creditor's Motion for Determination and Debtor's Response to Creditor's Motion for Determination of the Single Asset Real Estate Nature of this case.

[2] Doc. No. 1. The case was filed on January 22, 2021.

[3] *See* §§ 1181-1195 of the Bankruptcy Code. All references to the Bankruptcy Code refer to 11 U.S.C. §§ 101 *et. seq*.

particular, do not constitute single asset real estate projects, I conclude this Debtor is eligible to file this Subchapter V Chapter 11 case.

The Small Business Reorganization Act, enacted in August 2019, became effective on February 19, 2020.[4] It is commonly called Subchapter V because all of its provisions are contained in Subchapter V of Chapter 11 of the Bankruptcy Code. The new law was enacted to help small businesses reorganize by streamlining the cumbersome and often expensive process of a typical Chapter 11 reorganization case.[5] The statutory hope is that by encouraging small business reorganizations more creditors will receive greater distributions and more small businesses will survive and prosper.

Many of the new procedures allow for a quick confirmation of a plan of reorganization. No disclosure statement is required.[6] Strict timelines require parties to quickly move the case forward. And, by abrogating the "absolute priority rule"[7] on *unsecured* creditors, debtors may confirm a plan without creditor support and still retain property, even though unsecured creditors are not paid in full.[8] Therefore, if a creditor, like State Bank of Texas, is under-secured and holds both a secured and unsecured claim, the debtor can retain property even if it does not pay 100% of its unsecured claims.

Here, Creditor understandably is trying to avoid this result by arguing Debtor's hotel constitutes a single asset real estate project rendering it ineligible to file this

---

[4] Small Business Reorganization Act of 2019, Pub. L. No. 116-54, 133 Stat. 1079 (2019).
[5] *In re Ventura*, 615 B.R. 1, 12 (Bankr. E.D.N.Y. 2020).
[6] *See* 11 U.S.C. § 1181(b).
[7] 11 U.S.C. § 1129(b)(2)(B).
[8] 11 U.S.C. § 1191(b), (c).

Subchapter V case. Section 1182(1) of the Bankruptcy Code limits those who can file a Subchapter V case to a "small business debtor" who does not own a "single asset real estate" project as defined in § 101(51D)(A) and § 101(51B):

> [A] person engaged in commercial or business activities (. . . **excluding a person whose primary activity is the business of owning single asset real estate**) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition . . . in the amount not more than $2,725,625[.][9]
>
> The term "single asset real estate" means **real property constituting a single property or project**, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and **on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto**.[10]

The wording of this statute is somewhat confusing, but in plain English requires a debtor who owns only one real estate-based business to show it does "more" than just manage the real property. Does the debtor provide additional value or activities (other than property management) that would remove it from categorization as a "single asset real estate" project?

The material facts are undisputed. ENKOGS1, LLC, a Texas limited liability company, owns and operates a seventy-nine-room hotel at 3902 Highway 35 North, Fulton, Texas 78358, known as Econo Lodge Inn & Suites Fulton Rockport (the

---

[9] 11 U.S.C. § 101(51D)(A) (emphasis added). The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), enacted on March 27, 2020, temporarily increased the debt limit to $7,500,000 for one year. The COVID-19 Bankruptcy Relief Extension Act of 2021 extended the temporary debt limit of $7,500,000 until March 27, 2022.

[10] 11 U.S.C. § 101(51B) (emphasis added).

"Hotel").[11]  Debtor employs approximately fifteen individuals to help operate the Hotel and to provide services to its customers.[12]  Debtor provides room cleaning services, laundry services, internet/wi-fi services, phone services, bus and trailer parking, and business services; serves complimentary breakfast; and maintains a swimming pool and fitness center.[13]  Debtor also performs administrative functions at the Hotel such as budgeting, employee training, facility maintenance, and quality control.[14]  At the time of this petition, the Hotel's website advised, "[s]ome hotel features--including fitness centers, pools, food and beverage, and other amenities--may not be available at this time due to COVID-19."[15]  So, the Hotel usually provides additional services and amenities impossible during the current pandemic and health crisis.

The crux is whether Debtor's Hotel is a "single asset real estate" case.  Courts have adopted three requirements for characterizing a debtor's case as a "single asset real estate" case:

> (1) [T]he debtor must have real property constituting a single property or project . . ., (2) which generates substantially all of the gross income of the debtor, and (3) on which no substantial business is conducted other than the business of operating the real property and activities incidental thereto.[16]

---

[11] Debtor's principal place of business is located at 710 Thompson Avenue, Maitland, Florida 32751.  Doc No. 1.
[12] Doc. No. 65
[13] Doc. No. 65.
[14] Doc. No. 65.
[15] Choice Hotels: Econo Lodge Inn & Suites: Econo Lodge Inn & Suites Fulton Rockport, https://www.choicehotels.com/texas/fulton/econo-lodge-hotels/txf76 (last visited April 19, 2021).
[16] *In re Iowa Hotel Invs., LLC*, 464 B.R. 848, 851 (Bankr. N.D. Iowa 2011) (quoting *In re Scotia Pac. Co.*, 508 F.3d 214, 220 (5th Cir. 2007)).

A debtor must meet all three prongs to be classified as a "single asset real estate" debtor.[17]

Debtor argues that although all of its income is generated by its single asset, the Hotel, Creditor has failed to establish the last prong—that Debtor fails to provide services *other* than those incidental to renting hotel rooms. I agree. The facts here demonstrate Debtor's Hotel operations constitute something more than "operating the real property and activities incidental hereto."[18]

Although courts often find that vacant land and residential apartment buildings are "single asset real estate" projects,[19] courts rarely find that hotels are such.[20] The Ninth Circuit Bankruptcy Appellate Panel *In re CBJ Dev., Inc.* analyzed whether hotels constitute singe asset real estate projects in 1996.[21] The court concluded that hotels provide many services besides just renting rooms that typically distinguish a hotel from other common single asset real estate entities.[22] Hotels have daily check-ins, requiring a 24-hour reception desk. They must clean rooms daily, requiring substantial staff and linen services. Hotels maintain and update rooms as required by the hotel's franchisor and by the stress placed on the hotel rooms as a result of the continuing cycle of visiting guests. The hotel has no expectation that short-term, overnight guests, for example,

---

[17] *Id.* (quoting *In re Scotia Pac. Co.*, 508 F.3d at 220).
[18] *See* 11 U.S.C. § 101(51B).
[19] *In re Tad's Real Est. Co.*, No. 97-11999, 1998 WL 34066143 (Bankr. S.D. Ga. Mar. 23, 1998) (vacant land); *In re Charterhouse Boise Downtown Props., LLC*, No. 07-01199-JDP, 2008 WL 4735264 (Bankr. Idaho Oct. 24, 2008) (unfinished high-rise commercial building); *In re Pioneer Austin E. Dev. I, Ltd.*, No. 10-30177-HDH-11, 2010 WL 2671732 (Bankr. N.D. Tex. July 1, 2010) (vacant land).
[20] *In re CBJ Dev., Inc.*, 202 B.R. 467, 470-74 (9th Cir. BAP 1996); *In re Iowa Hotel Invs., LLC*, 464 B.R. at 851; *In re Whispering Pines Est., Inc.*, 341 B.R. 134, 136 (Bankr. D.N.H. 2006); *see also In re Scotia Pac. Co.*, 508 F.3d at 224-25 (concluding that a timber harvesting business was not a "single asset real estate" project); *In re Club Golf Partners, L.P.*, No. 07-40096-BRT-11, 2007 WL 1176010, at *6 (E.D. Tex. Feb. 15, 2007) (finding that a golf club was not a "single asset real estate" project); *In re Kkemko, Inc.*, 181 B.R. 47, 51 (Bankr. S.D. Ohio 1995) (concluding that a marina was not a "single asset real estate" project).
[21] *In re CBJ Dev., Inc.*, 202 B.R. 467.
[22] *Id.* at 473-74.

will fix a drippy bathroom sink. Hotel management must repair and maintain every aspect of each hotel room.

In addition, hotels often provide additional amenities and services. They serve food and beverages, sometimes having a restaurant on site. Many hotels have business services, conference room rentals, swimming pools, fitness centers, and guest laundry services. Some of these amenities generate separate income; others do not. But every amenity is designed to attract guests to choose that particular hotel over other lodging options. And every amenity is essential to the hotel's financial success. Even hotels that offer fewer services at no additional charge will require more staff, more cost, and more effort than companies managing vacant land or even an apartment complex where tenants sign a one-year lease and require little additional assistance. So, I easily conclude that hotels rarely, if ever, will constitute a "single asset real estate" project.

Creditor points to a few cases that hold otherwise. Two cases reached this conclusion without analysis.[23] And the other cases involved debtor hotels who affirmatively consented to treatment as a single asset real estate project.[24]

Here, Debtor's seventy-nine-room Hotel employs fifteen people. Debtor must work daily to ensure guests choose their Hotel. As previously discussed, the Hotel provides several services and amenities to its guests. The operation of the Hotel requires Debtor to provide substantially more day-to-day activity than operating an apartment building. The Hotel operates a substantial business other than merely

---

[23] *Nationsbank, N.A. v. LDN Corp. (In re LDN Corp.)*, 191 B.R. 320 (Bankr. E.D. Va. 1996); *In re 5877 Poplar, L.P.*, 268 B.R. 140 (Bankr. W.D. Tenn. 2001). Both of these cases summarily find a hotel constitutes a "single asset real estate" project with no analysis, without dispute from the debtor, and only for stay relief purposes. Neither case is persuasive or binding on this Court.

[24] *In re Equitable Dev. Corp.*, 196 B.R. 889, 890 (Bankr. S.D. Ala. 1996); *In re Scarlet Hotels, LLC*, 392 B.R. 698, 701 (6th Cir. BAP 2008); *In re Euro-Am. Lodging Corp.*, 357 B.R. 700, 707 (Bankr. S.D.N.Y. 2007).

managing the real estate, even if these additional services and amenities are *gratis* for hotel guests and do not generate additional income.

Creditor argues Debtor must earn separate and additional income by offering extra amenities to distinguish itself from other "single asset real estate" projects. I disagree. Sections 101(51B) and (51D)(A) of the Bankruptcy Code do not require a debtor to earn extra income from supplying extra services but instead requires the debtor to do something other than merely rent hotel rooms.[25] The statute requires the debtor to do more than "the business of operating the real property."[26]

With a hotel, it is easy to meet this test because a hotel debtor does more than just rent hotel rooms on a nightly basis. They must clean the rooms. They must change the linens daily. They must regularly upgrade and maintain the rooms. They must offer a 24-hour receptionist desk. And most hotels, like this one, do much more. The fact that they do not earn separate income from these tasks is irrelevant under the statutory standard. So, courts rarely will classify even an economy hotel that offers no extra services for charge as a "single asset real estate" project.

But this Debtor already does more. It offers guests continental breakfast, which is certainly a service more than just renting them a hotel room. The Hotel provides business services, a swimming pool, and a fitness center. And, given the current health crisis and pandemic, Debtor typically offers even more amenities. These actual and prospective extra services remove this Hotel from classification as a "single asset real estate" project.

---

[25] *See* 11 U.S.C. § 101(51B), (51D)(A).
[26] 11 U.S.C. § 101(51B).

7

Creditor's Motion for Determination of the Single Asset Real Estate Nature of this case (Doc. No. 38) is denied. Debtor's case is not a single asset real estate case. Debtor is eligible for relief under Subchapter V of Chapter 11 and can proceed with this case.

###

Attorney Aldo G. Bartolone, Jr. will serve a copy of this order on all interested parties and file a proof of service within 3 days of entry of the order.